Abraham N. Spanel v. Commissioner.
Spanel v. Commissioner
Docket No. 107694.
United States Tax Court
1942 Tax Ct. Memo LEXIS 18; 1 T.C.M. (CCH) 267; T.C.M. (RIA) 42660; 12/22/1942
*18 Trust income that was set aside during the tax year for the amortization of patents forming the corpus of the trust held not taxable to the grantor under section 167(a)(1) of the Revenue Act of 1936, by reason of the possibility that the trust corpus would revert to him if he survived the named beneficiaries, his wife and child. Held further, section 22(a) does not apply. Harry Weinberger, Esq., 70 W. 40th St., New York City, for the petitioner. J. R. Riggles, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion A deficiency has been determined for the taxable year 1937 in the amount of $9,593.03. In his deficiency notice respondent states "that the income of the Lois A. Spanel Trust is taxable to you under the provisions of Section 22(a) of the Revenue Act of 1936 as amended." The issue arises out of this determination and by the further averment in respondent's answer that the income in question is also taxable under section 167(a)(1), of the Revenue Act of 1936. Substantially all the facts were stipulated although some testimony was offered. Findings of Fact The petitioner is a resident of New York and filed his income tax return for 1937 with the Collector *19 of Internal Revenue for the third district of New York. On December 17, 1935, petitioner executed a trust indenture in which his wife, Lois, and his minor son, David, are named as beneficiaries. On the same day petitioner assigned to himself and to one Lewis Clinton, as trustees under the trust indenture, all right, title and interest in and to certain patents. Theretofore, on December 31, 1926, petitioner entered into an agreement with the Vacumizer Manufacturing Corporation under which an exclusive license for the life of the aforesaid patents on a royalty basis was granted to said corporation. Since the creation of the trust to the close of the year 1937, the entire income of the trust consisted of royalties paid to the trust under this agreement. From the creation of the trust to the close of the year 1937, the corpus of the trust consisted of the patents and accumulated income held in cash. The cash on hand as of December 31, 1936 was $24,712.23, and as of December 31, 1937 was $51,112.73. The income of the trust for the year 1937 was $26,400.50, consisting of royalties on the patents. No distribution of the income was made by the co-trustees nor was any cash withdrawn by *20 them from the creation of the trust to the close of the year 1937. In accordance with the terms of the trust indenture the co-trustees set apart the entire net income of the trust for the years 1936 and 1937 as a reserve fund to amortize the capitalized value of the patents forming the corpus of the trust. The books of account of the trust show the following: At December 31
1937
1936
1935
Assets: Patents - Valued by trust agreement
$51,415.74
$51,415.74
$51,415.74
Less Reserve for amortization
51,112.73
24,712.23
None
Net
$ 303.01
$26,703.51
$51,415.74
Cash in bank
51,112.73
24,712.23
None
$51,415.74
$51,415.74
$51,415.74
Liabilities: Trust corpus
$51,415.74
$51,415.74
$51,415.74
Analysis of reserve for amortization of patents
Income for 1935
None
Income for 1936
$24,712.23
Income for 1937
26,400.50
Total of reserve at December 31, 1937
$51,112.73
Petitioner and Lewis Clinton acted as co-trustees under the trust during the entire taxable year. At the time of the creation of the trust the petitioner was 34 years of age; his wife was 35 years of age; and his son was 6 years of age. The trust returned the income for the year 1937. *21 In a deficiency notice mailed to petitioner the respondent included in petitioner's gross income the trust income in the amount of $26,400.50. The petitioner filed a gift tax return for the year 1935, in which the patents he had given to the trust were valued at $51,415.74. The gift tax was paid. The Commissioner increased the amount of the total gift to $79,272.61 and assessed an additional tax by reason thereof. Petitioner was prompted to establish the trust by reason of an experience related to him by a friend. The trust instrument states that "The Settlor is desirous of making a gift to his wife and children and providing them with an independent income which they may use as they see fit. The provisions herein made are not made to provide for any marital obligation of the Settlor to his wife or for the support of his son, both of which obligations he will fulfill from his own funds." The entire net income aside from the reserve for the amortization of the patents forming the corpus of the trust was, under the terms of the trust indenture payable to Lois A. Spanel, wife of the petitioner, for her life in not less than quarter-annual installments without restriction on her use *22 of said income. Upon the death of petitioner's wife, Lois, the entire net income becomes payable to petitioner's son, David, until he reaches certain stipulated ages at which time portions of the principal become payable to him until, at the age of 40 years, the entire balance of the principal is payable to him. The trust by its terms is expressly made irrevocable and no power was reserved in the settlor to alter, amend or revoke it in any respect. From the creation of the trust through the year 1937, petitioner has continued to pay from his own funds all expenses in connection with the maintenance of his home, the support of his wife and son, and the education of his son. The principal of the trust fund would become payable to the settlor only in the event that both his wife, Lois, and his son, David, prior to reaching 40 years of age, predeceased him. The trust indenture further provides that the parties thereto may not give to the settlor any beneficial interest in the principal or income of the trust nor may they provide for his becoming the sole trustee. Opinion ARUNDELL, Judge: Respondent advances three grounds in support of his determination that the trust income should *23 be taxed to petitioner. First, he states that the trust is without substance and should be disregarded for income tax purposes in accordance with the principles announced in , and , second, that the patents and royalties which here formed the corpus of the trust, for all practical purposes, remained with the petitioner and that the true corpus of the trust was the income after it had been received by petitioner; and, third, that the income is taxable under the provisions of section 167(a)(1) of the Revenue Act of 1936. The evidence is uncontroverted that the trust was created for the purpose of giving a measure of security to petitioner's wife and minor child. There is not the slightest evidence to indicate that the trust was established to avoid or save on taxes. The trust instrument carefully carried out that purpose and it is made crystal clear that it was not intended to relieve petitioner of his obligation to support his wife and minor child and in fact the income of the trust has never been used for that purpose. As set forth in our findings, no beneficial *24 interest in the property may be given to the petitioner-settlor, and, under no circumstances, can he become the sole trustee and thus have a greater direction of the trust's affairs. The trust as made is irrevocable. Certainly such a trust may not be regarded as one without substance and the agreed statement of facts filed by the parties denies to respondent the right to argue that the patents were not in fact transferred from petitioner to the trustees. This trust was no temporary arrangement of family finances. . Nor does it present a case where the control of the property constituting the corpus was so completely in the grantor's power as to make it substantially his own. The income of the Lois A. Spanel trust for the year 1937 is not taxable to petitioner under section 22(a). The issue that the income is taxable under section 167(a)(1) [1] was raised for the first time in the answer and the burden of establishing this position thus rests on respondent. The argument that the income is taxable under section 167 rests solely on the fact that should petitioner outlive his wife and his son, a remote chance, the corpus *25 of the trust would be returned to him. This possibility of reverter we have repeatedly held is not sufficient to cause the income of an irrevocable trust to be taxable to the settlor under section 167. ; ; . Decision will be entered under Rule 50. Footnotes
1. Sec. 167. Income for Benefit of Grantor. (a) Where any part of the income of a trust - (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor;↩